UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARL WILSON,

        **Plaintiff,**

    v.                               Case No. 2:18-cv-515
                                         Magistrate Judge Chelsey M. Vascura

**ACTING SECRETARY ROBERT
WILKIE,** *et al.*,

        **Defendant.**

# OPINION AND ORDER

This matter is before the Court upon the Motion to Amend Complaint (ECF No. 13) of Plaintiff, Carl Wilson, and the Motion for Judgment on the Pleadings (ECF No. 16) of Defendants, the United States Department of Veterans Affairs (the "VA") and Robert Wilkie, Acting Secretary of the VA, (collectively, "Defendants"). Both motions are fully briefed and ripe for disposition. For the following reasons, Plaintiff's Motion to Amend Complaint is **DENIED** (ECF No. 13), and Defendants' Motion for Partial Judgment on the Pleadings is **GRANTED** (ECF No. 16).

        **I.**         **BACKGROUND**

**A.**     **Facts Relevant to Defendants' Motion for Partial Judgment on the Pleadings**

Plaintiff was employed by the VA at the Chillicothe Veterans Affairs Medical Center ("Chillicothe VAMC") as a Recreation Assistant. (Compl. ¶ 3, ECF No. 1.) Plaintiff was compelled to undergo a drug test, in which he allegedly tested positive for THC/marijuana. (*Id.* at ¶ 5.) As a result of the positive drug test, Plaintiff was removed from service on May 26,

2017. (*Id.*) Plaintiff's work performance was not at issue in this case, as he received "fully successful" or "exceeds expectation level" reviews at every performance evaluation. (*Id.* at ¶ 4.) Additionally, he never received any disciplinary actions prior to his removal. (*Id.*)

Plaintiff appealed his removal to the Merit Systems Protection Board ("MSPB"),[1] alleging in part that the drug test was improper under the Fourth and Fifth Amendments to the United States Constitution and the VA's own policies.[2] (Compl. ¶¶ 5-6, ECF No. 1.) On March 23, 2018, the Administrative Judge issued a decision finding that, based on the totality of the circumstances, the VA "did not have reasonable suspicion under the Fourth Amendment" to compel Plaintiff to submit to a drug test and that the VA's actions violated its own written policies regarding reasonable suspicion drug tests. (*Id.* at ¶¶ 7-8.) The Administrative Judge concluded that Plaintiff was improperly removed from his position and ordered the VA to reinstate Plaintiff with backpay and benefits restored from the date of initial removal. (*Id.*) On April 27, 2018, the Administrative Judge's decision became the final decision of the MSPB. (*Id.* at ¶ 7.)

Plaintiff filed his Complaint with this Court on May 24, 2018. (Compl., ECF No. 1.) Plaintiff alleges that he suffered "emotional stress, anxiety and humiliation as a consequence of his being compelled to submit to the illegal drug test and due to his unlawful termination." (*Id.* at ¶ 10.) Plaintiff further alleges that, because the MSPB is not authorized to award compensatory damages for his emotional distress, anxiety, and humiliation, he "can obtain

---

[1] An employee against whom a removal action is taken is entitled to appeal the decision to the MSPB. 5 U.S.C. § 7512(a); 5 U.S.C. §7513(d); 5 U.S.C. § 7701.
[2] Plaintiff also alleges that he was discriminated against based on race and/or disability. (Compl. ¶¶ 13, 16, ECF No. 1.)

general compensatory damages from the Secretary of the Department of Veterans Affairs for the violation of his constitutional rights in a *Bivens* action." (*Id.* at ¶¶ 9-10.)

In the Complaint, Plaintiff also appeals aspects of the MSPB decision. Specifically, he appeals the MSPB's finding that his termination was not a result of race discrimination (*id.* at ¶¶ 12-14) and/or disability discrimination (*id.* at ¶¶ 15-17). He also brings a claim under the Equal Pay Act for unlawful disparity in pay for Recreation Assistants. (*Id.* at ¶¶ 18-22). These claims are not at issue in Defendants' Motion for Judgment on the Pleadings (ECF No. 14).

In their Motion for Judgment on the Pleadings, Defendants only challenge Plaintiff's *Bivens* claim. Defendants contend that the Supreme Court of the United States has refused to extend *Bivens* claims to the context of federal employment and that the Court should not authorize a *Bivens* action in this context. (*Id.* at 2.) Defendants also assert that Plaintiff cannot bring a *Bivens* suit against a federal agency or a federal employee in his or her official capacity. (*Id*. at n. 2.) Plaintiff counters that the Supreme Court has specifically allowed damages claims to proceed in the context of unconstitutional searches and seizures under the Fourth Amendment. (Pl.'s Resp. in Opp'n at 2, ECF No. 19.) He also contends that the Supreme Court has not completely precluded a federal employee from bringing a *Bivens* action for violation of his or her constitutional rights. (*Id.*) Defendants maintain, however, that although Plaintiff asserts a Fourth Amendment claim as the plaintiff did in *Bivens*, this case presents a "new context" for a *Bivens* action because it involves the federal employment relationship. (Defs.' Reply at 1-6, ECF No. 20.)

**B.    Proposed Amendments to the Complaint**

The Court's Preliminary Pretrial Order provides that any motions addressing the parties or pleadings must be filed by April 26, 2019. (ECF No. 11.) On April 25, 2019, Plaintiff filed a

3

Motion to Amend Complaint (ECF No. 13), in which he seeks leave to add a claim under 42 U.S.C. § 1985(3) for conspiracy to deprive him of his constitutional rights. Plaintiff submitted a proposed Amended Complaint with his Motion to Amend Complaint. (ECF No. 13-1.) For his new claim under 42 U.S.C. § 1985(3), Plaintiff alleges as follows:

> 18. Patti Gilliland, Supervisor; Terrance Andrews, Labor Relations Specialist; Lt. Lionel Hamilton, Police Officer; Jeaneen Summers Moore, HR Specialist; and Mark Murdock, Medical Center Director acted together to deprive Plaintiff's [sic] of his constitutional rights.
>
> 19. Ms. Gilliland, Mr. Andrews, Lt. Hamilton, Ms. Summers Moore, and Mr. Murdock conspired to deprive Plaintiff of his constitutional rights.
>
> 20. Plaintiff states a claim under 42 USC Section 1985 against Ms. Gilliland, Mr. Andrews, Lt. Hamilton, Ms. Summers Moore, and Mr. Murdock for conspiring to deprive him of his constitutional rights.

(Proposed Am. Compl. ¶¶ 18-20, ECF No 13-1.) Plaintiff does not indicate in his Motion to Amend Complaint, or in the caption of the proposed Amended Complaint, whether he seeks to add the individuals named in Paragraphs 18-20 as additional defendants. (ECF Nos. 13, 13-1.) Nonetheless, it appears that Plaintiff seeks to add Patti Gilliland, Terrance Andrews, Lt. Lionel Hamilton, Jeaneen Summers Moore, and Mark Murdock as defendants, as he alleges they conspired to deprive him of his constitutional rights. (Proposed Am. Compl. ¶¶ 18-20, ECF No 13-1.)

Defendants oppose Plaintiff's Motion to Amend Complaint, asserting that the proposed amendments would be futile because (1) Plaintiff's conspiracy claim fails under the "intracorporate conspiracy doctrine," (2) he fails to sufficiently plead the elements necessary to state a claim for conspiracy, and (3) to the extent he claims the conspiracy was motivated by racial discrimination, his claim is barred because Title VII is his exclusive judicial remedy. (Defs.' Resp. in Opp'n to Mot. to Am. Compl. at 3-6, ECF No. 14.)

## II. STANDARDS OF REVIEW

### A. Motion for Leave to Amend Complaint

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### B. Motion for Judgment on the Pleadings

"Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012) (citing *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*,

510 F.3d 577, 582 (6th Cir. 2007)). In other words, a motion for judgment on the pleadings will be granted "if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim." *Gascho v. Glob. Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 717 (S.D. Ohio 2013) (citing *Little v. UNUMProvident Corp.*, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002)).

In ruling on a motion for judgment on the pleadings, "the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits." *McGath*, 848 F. Supp. 2d at 836 (citing Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a); *Housing Auth. Risk Retention Grp., Inc. v. Chicago Housing Auth.*, 378 F.3d 596, 600 (7th Cir. 2004)). The Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Id.* (quoting *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)).

### III.    ANALYSIS

For the reasons that follow, Plaintiff's Motion to Amend Complaint is **DENIED** (ECF No. 13), and Defendants' Motion for Judgment on the Pleadings is **GRANTED** (ECF No. 16).

**A.    Motion to Amend Complaint**

Plaintiff seeks leave to amend the Complaint to add a claim for conspiracy to deprive Plaintiff of his constitutional rights pursuant to 42 U.S.C. § 1985(3). (ECF No. 13.) The Court finds that the proposed amendments are futile, as they fail to state a claim upon which relief may be granted under 42 U.S.C. §1985(3). Accordingly, Plaintiff's Motion to Amend is **DENIED**.

"Section 1985(3) prohibits a conspiracy 'for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291,

6

314 (6th Cir. 2005) (quoting 42 U.S.C. § 1985). To prove a claim under §1985(3), a plaintiff must demonstrate the following elements:

> "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bhd. of Carpenters & Joiners v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)).

*Radvansky*, 395 F.3d at 314. Additionally, to demonstrate intent, a plaintiff must show that there is "'some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions.'" *Id.* (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)); *see also Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) ("To sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it."); *Vakilian v. Shaw*, 335 F.3d 509, 519 (6th Cir. 2003) ("The critical issue is whether [plaintiff] can establish that [defendant's] action was motived by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." (citation and internal quotation marks omitted)). Finally, "'[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *McKinney v. Kasich*, No. 16-3344, 2017 WL 4541720, at *4 (6th Cir. Sept. 29, 2017) (quoting *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)).

Here, Plaintiff's proposed Amended Complaint fails to allege facts sufficient to state a claim for conspiracy under § 1985(3). First, Plaintiff fails to allege any specific facts demonstrating that the defendants conspired to deprive him of his constitutional rights. Plaintiff summarily alleges that "Ms. Gilliland, Mr. Andrews, Lt. Hamilton, Ms. Summers Moore, and Mr. Murdock conspired to deprive Plaintiff of his constitutional rights." (Proposed Am. Compl.

¶ 19, ECF No. 13-1.) Such conclusory allegations of a conspiracy are insufficient to demonstrate that the defendants had a shared plan, "meeting of the minds," or any sort of agreement to violate Plaintiff's civil rights.[3] *See, e.g.*, *Easterling v. Rice*, No. 3:15-cv-257, 2015 WL 4917008, at *3 (S.D. Ohio Aug. 18, 2015) (finding plaintiff failed to state a conspiracy claim where he did not allege specific facts demonstrating defendants had an agreement or plan to violate his constitutional rights or take any unlawful act); *McKinney*, 2017 WL 4541720, at *4 ("Despite McKinney's conclusory assertion that the defendants conspired to deprive him of specialized medical treatment based on his age, he failed to allege facts sufficient to indicate any sort of 'meeting of the minds' or to link any of the alleged conspirators in a conspiracy to deprive him of his civil rights.") (citations and internal quotation marks omitted).

Plaintiff also fails to allege any specific facts demonstrating that defendants were motivated by an "invidiously discriminatory animus" when they ordered Plaintiff to take the drug test and terminated his position. Accordingly, Plaintiff's proposed Amended Complaint fails to state a claim under §1985(3). *See, e.g.*, *Ohio ex rel. Moore v. Brahma Inv. Grp., Inc.*, 723 F. App'x 284, 288–89 (6th Cir. 2018) (finding plaintiffs failed to state a claim under §1985(3) where they "made only conclusory allegations to support their claim of illegal, discriminatory conduct, and made no allegations of a shared plan or agreement"); *Radvansky*, 395 F.3d at 314 (affirming district court's summary judgment ruling where plaintiff failed to demonstrate either a conspiracy or invidiously discriminatory animus).

---

[3] The Court need not address the parties' arguments regarding the intra-corporate doctrine because, even if defendants were acting outside of the scope of their employment, Plaintiff has failed to allege sufficient facts to demonstrate that they conspired to deprive him of his constitutional rights.

Because Plaintiff's proposed amendments could not withstand a motion to dismiss, his Motion to Amend Complaint is **DENIED** as futile. (ECF No. 13.) *See Riverview Health Inst. LLC*, 601 F.3d at 512 (explaining that a court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss).

B.     **Motion for Judgment on the Pleadings**

Defendants move for judgment on the pleadings on Plaintiff's *Bivens* claim, asserting that the Supreme Court has precluded *Bivens* claims in the context of federal employment and that *Bivens* claims may not be raised against federal agencies or an employee in his or her official capacity. (Defs.' Mot. for J. on the Pleadings at 2, ECF No. 14.) Plaintiff counters that the Supreme Court has allowed damages actions for unreasonable searches and seizures and that claims by federal employees are not precluded per se.

Here, Plaintiff's *Bivens*[4] claims are barred by sovereign immunity because he seeks to bring them against a federal agency and a federal official acting in his official capacity. *See Miller v. F.B.I.*, 149 F.3d 1183 (6th Cir. 1998) (holding that sovereign immunity precludes a *Bivens* action against a federal agency or official in their official capacity for damages); *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994) (holding that *Bivens* damages actions may not be brought against federal agencies); *Witter v. Johanns*, No. 2:07-CV-510, 2008 WL 4404298, at *10 (S.D. Ohio Sept. 23, 2008) ("No *Bivens* claim may be asserted against a federal agency or a federal official in his official capacity."). Plaintiff asserts *Bivens* claims for damages only against the VA (a federal agency) and its Acting Secretary, Robert Wilkie (a federal officer in his official

---

[4] In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court of the United States authorized a damages remedy to compensate people harmed by individual federal officers who violated the Fourth Amendment's prohibition against unreasonable search and seizures.

capacity).[5]  Because his *Bivens* claims fail as a matter of law, Defendants' Motion for Judgment on the Pleadings is **GRANTED** (ECF No. 16).[6]

## IV. DISPOSITION

For the foregoing reasons, Plaintiff's Motion to Amend Complaint is **DENIED** (ECF No. 13), and Defendants' Motion for [Partial] Judgment on the Pleadings is **GRANTED** (ECF No. 16).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[5] Notably, even in his proposed Amended Complaint, for his *Bivens* claim, Plaintiff merely alleges that his "Fourth and Fifth Amendment rights were violated by the Department of Veterans Affairs." (Proposed Am. Compl. ¶ 15, ECF No. 13-1).
[6] Consequently, the Court need not address the parties' arguments regarding whether it should allow Plaintiff's *Bivens* claims to proceed given the context of federal employment.